UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| JONATHAN P. LYNCH, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 3:13-cv-01364-PPS |
| | ) | |
| SUPERINTENDENT, | ) | |
| | ) | |
| Respondent. | ) | |

**OPINION AND ORDER**

Jonathan P. Lynch, a *pro se* prisoner, filed this habeas corpus case attempting to challenge a prison disciplinary hearing (WCC 13-09-595) where he lost 60 days earned credit time and was demoted from Credit Class 1 to Credit Class 2. The Respondent acknowledges that this petition is not moot merely because Lynch has been released from prison. The Respondent recognizes that this case could proceed if Lynch could obtain relief which would shorten the duration of his time on parole. However, the Respondent has moved to dismiss and argues that this petition is moot because Lynch's parole will end on July 14, 2014, even if he were to prevail in this case.

Here is how the Respondent explains the argument. Lynch was released to parole on February 21, 2014. DE 14-2. If he had not been disciplined, he could have been released on October 13, 2013. Parole lasts for up to 24 months after release from prison, but not longer than the end of the defendant's sentence. Ind. Code § 35-50-6-1. So if Lynch were to prevail in this case, the date when his 24 months of parole would end

would be in October 2015, rather than February 2016. However, Lynch's current sentence (which he began serving on January 13, 2013) was only for 1 year 6 months and 2 days. DE 14-2. His sentence will end on July 14, 2014. DE 14-2. Thus, his parole must end on July 14, 2014, and would have done so even if he'd been released on October 13, 2013, or some other date before February 21, 2014. Credit time would affect when Lynch was released on parole, not when his parole ends.

Lynch has not responded to the motion to dismiss nor otherwise disputed the accuracy of the records submitted by the Respondent. Those records support the facts and dates presented by the Respondent. Therefore I will accept them as true. Based on those dates, it is clear that this case is moot for the reasons argued by the Respondent. *See Eichwedel v. Curry*, 700 F.3d 275, 279 (7th Cir. 2012) ("The best that [Petitioner] can do is to point to the *possibility* that he *might* have served a shorter period of incarceration before beginning his period of supervised release. All he can suggest is that prison authorities *might* have seen fit to grant him a reduction in the days he had to serve. Such a deficiency is not sufficient to establish a continuing controversy . . . . Moreover, even if [Petitioner] had been guaranteed additional good-conduct credits, a ruling in his favor would not redress his injury. The fact remains that he is now released and the amount of time that he spent in prison cannot be undone."); *cf. White v. Ind. Parole Bd.*, 266 F.3d 759, 763 (7th Cir. 2001) ("If the disciplinary hearing is deemed defective, the court may order Indiana to terminate White's parole when it would have expired, but for the Board's decision . . . ."); *see also Herbst v. Sevier*, 430 Fed. Appx. 530 (7th Cir. 2011).

For the foregoing reasons, the motion to dismiss (DE 13) is **GRANTED**.

**SO ORDERED**.

ENTERED: May 20, 2014	/s/ Philip P. Simon
**Chief Judge**
**United States District Court**